# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **TIMOTHY SPRINGER,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| V. ) | **CIVIL NO. 04-130-P-H** |
| ) | |
| **TOWN OF WINDHAM, WINDHAM** ) | |
| **POLICE DEPT. , ET AL.,** ) | |
| ) | |
| **DEFENDANTS** ) | |

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Timothy Springer, previously represented by a lawyer in this lawsuit, has filed a *pro se* motion seeking to extend the time for filing a notice of appeal from the judgment against him. Springer has not cited good cause or excusable neglect as required by Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Therefore, the motion is **DENIED**.

Springer is the plaintiff in this lawsuit. I granted summary judgment in favor of the defendants. Judgment was entered accordingly on May 11, 2005. Springer states that he was not aware that judgment had been entered until June 13, 2005. He contends that he made numerous attempts to contact his lawyer, both by telephone and in person, but has been unable to obtain information about the status of his case. He filed this *pro se* motion to extend the time for filing the notice of appeal on June 16, 2005.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case must be filed within thirty days after judgment is entered. Springer clearly missed that deadline. Rule 4(a)(5) governs motions for extension of the time to file a notice of appeal, and provides that a party must show either "excusable neglect" or "good cause" for such an extension.[1]

The "good cause" provision is intended "to take account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite" because "there is no neglect (and, thus, nothing to excuse)." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000). "[W]here there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, 'good cause' has no applicability and an extension of the time for appealing can be justified only by a showing of excusable neglect." Id. This case does not fall into the "good cause" category. If it is to survive, it must be under "excusable neglect."

Whether neglect is "excusable" is an equitable determination. Id. "Mere inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect. Rather, the would-be appellant must demonstrate unique or extraordinary circumstances." Id. at 630-31 (internal quotation marks and citations omitted). The failure of communication between a party and his lawyer is not so "unique or extraordinary" as to constitute

---

[1] Springer cites Rule 6(b) of the Federal Rules of Appellate Procedure. That Rule is not applicable here, since this is not a bankruptcy proceeding. Perhaps he intended Rule 6(b) of the Federal Rules of Civil Procedure, which governs enlargement of time under the Rules of Civil Procedure. Rule 6(b) of the Federal Rules of Civil Procedure does not govern extension of the time to file a notice of appeal, however. Springer does not suggest that the Court failed to provide notice of the entry of judgment (a condition to reopening the time to file an appeal under Rule 4(a)(6)). Such a notice went to his lawyer because Springer was represented by counsel.

"excusable neglect," and Springer has not suggested some other special circumstances to support such a finding.  Cf. id. at 631 (stating that reliance on a misstatement by the clerk's office, without more, is not grounds for a finding of excusable neglect); Local Union No. 12004, United Steel Workers of Am. v. Massachusetts, 377 F.3d 64, 72 (1st Cir. 2004) (not an abuse of discretion to find there was no excusable neglect where the notice of appeal was late because one member of a team of lawyer had to care for his sick child).

In short, Springer had a lawyer; notice of judgment properly went to the lawyer; and the notice of appeal was filed late.  No excusable neglect has been shown.  Perhaps the lawyer was negligent.  (I do not decide that at this time because there has been no opportunity to hear the lawyer's side of the story.)  If the lawyer was negligent that neglect may be relevant to a lawsuit between Springer and his lawyer or to a grievance proceeding against the lawyer.  But it is not "excusable neglect" as is required to support an extension of the time for filing the notice of appeal.

The plaintiff's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 25TH DAY OF JULY, 2005**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**